# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **P.G.P.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-cv-00841** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **CHRISTOPHER S. BULLOCK, ET AL.,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Respondents.** | ) | |

## <u>TEMPORARY RESTRAINING ORDER</u>

This matter is before the Court on Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. No. 5). Having considered the Motion, the Memorandum of Authorities, the verified habeas petition, the exhibits, and counsel's certification under Federal Rule of Civil Procedure 65(b)(1)(B), the Court finds that limited temporary relief is warranted to preserve the status quo and this Court's ability to adjudicate the pending habeas petition. The Court finds that Petitioner has made a sufficient showing, at this preliminary stage, that he is likely to succeed on his claim that his removal order is not presently executable because his appeal to the Board of Immigration Appeals remains pending. The Court further finds that Petitioner has shown a likelihood of irreparable harm absent immediate relief because transfer outside this District, change of immediate custodian, or removal from the United States could frustrate this Court's ability to adjudicate the pending habeas petition and grant meaningful relief. The Court further finds that the requested relief is narrow, temporary, and prohibitory. Petitioner does not seek release through this emergency motion, does not ask this Court to review the Immigration Judge's removal order, and does not seek classwide or programmatic relief. The requested order preserves the status quo pending further proceedings.

Accordingly, Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 5) is **GRANTED**. It is hereby **ORDERED** that Respondents, their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them who receive actual notice of this Order are **TEMPORARILY RESTRAINED** from:

1. Transferring Petitioner outside the Middle District of Tennessee;

2. Changing Petitioner's immediate custodian;

3. Removing Petitioner from the United States; or

4. Taking any action that would defeat or frustrate this Court's habeas jurisdiction, absent prior leave of Court.

By no later than 5:00 p.m. on June 25, 2026, Respondents shall notify Petitioner's counsel and the Court of Petitioner's current physical location, current detention facility, current immediate custodian, and any planned transfer, removal, or custody-location change.

This Temporary Restraining Order shall remain in effect for fourteen (14) days from entry unless extended by further order of the Court or by consent of the parties. Respondents shall immediately notify all relevant DHS, ICE, and ERO personnel of this Order.

Security under Federal Rule of Civil Procedure 65(c) is waived, because the relief entered is narrow, temporary, and jurisdiction-preserving, and there is little likelihood of monetary harm from maintaining the status quo pending further order of the Court.

Petitioner's counsel shall make immediate contact with the U.S. Attorney's Office for the Middle District of Tennessee to alert them to the Temporary Restraining Order. A hearing will be set by separate order.

It is so **ORDERED**.

_____

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE